IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARRETT S. TUNSIL,** | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : No. 14-cv-2383 |
| **CITY OF PHILADELPHIA, et al.,** | : |
| Defendants. | : |

**M E M O R A N D U M**

**Stengel, J.**                                                                        **December 18, 2014**

Plaintiff Barrett Tunsil brings this § 1983 suit against the City of Philadelphia, staff members of the Philadelphia Prison System, and Prison Health Services/Corizon claiming he has received inadequate medical care. The defendants have all moved to dismiss.[1] For the reasons stated below, I will grant the defendants' motion but allow the plaintiff leave to file an amended complaint.

**I.     BACKGROUND[2]**

The plaintiff is a 61-year-old veteran who is currently being detained at the Curran-Fromhold Correctional Facility (CFCF), which is a part of the Philadelphia Prison System (PPS). He has been held at CFCF since December 2011. Mr. Tunsil has a number of physical and mental health conditions for which he receives treatment. Prison Health Services/Corizon is the medical care provider for the PPS and CFCF.

---

[1] Corizon filed a motion to dismiss and the City defendants filed a separate motion to dismiss. See Doc. No. 6 and 8. I address both motions in this memorandum for the sake of efficiency.

[2] The information contained in this section is either taken from the complaint or was brought out at a hearing held on November 6, 2014. See Compl., Doc. No. 3.

1

From March 2013 until April 2014 when the plaintiff filed this action, the plaintiff allegedly was denied medical care for severe trauma to his right leg, right hip, right knee area, full back, neck area, and head. These injuries were allegedly caused by PPS and/or CFCF staff, Prison Health Services/Corizon staff, and/or a Philadelphia Sheriffs' Department bus accident in July 2013.[3] The plaintiff claims he has not been given the right dosage of medication, that his medical documents have been falsified or deleted, and that he has received "inferior and negligent medical care."

The plaintiff has filed grievances about his complaints and has recorded his request for medical care in "sick call slips." He also alleges that threats, intimidation, and racial slurs have been lodged against him. He claims that there has been a failure to respond to his complaints and/or a cover-up of the deficient medical care. The plaintiff has used the internal "chain of command" to the commissioners' office but allegedly has not had a response to his complaints.[4]

The plaintiff filed this suit on April 21, 2014 against the City of Philadelphia, Prison Health Services/Corizon, Mayor Nutter, Commissioner Giorla, and Warden Farrell.[5] He is asking that the court immediately void the contract between the City of

---

[3] This accident involved over seventeen (17) inmates. Specifically, the plaintiff claims he suffers from headaches, neck pain, right knee swelling and pain, increased back pain, and blurry vision as a result of the accident.

[4] In this chain, he lists "Commissioner Giorla, Warden Delaney, Warden Farrell, Major May, and Major Abello." Major Abello testified at the November 6, 2014 hearing.

[5] He also alleges that the 1,200 other inmates have also experienced malpractice by Corizon. Specifically, he claims that inmates have died as a result of the negligent and "inept" medical care. Given that I am required to liberally construe the complaint, I could read this allegation as making out a class action claim by the plaintiff. However, he has offered no other factual details to support a class action claim. Assuming that plaintiff is making out a class action claim, this claim is dismissed. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(explaining that a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

Philadelphia and Prison Health Services/Corizon and for an award of damages against the defendants in the amount of $3.2 million plus legal fees.[6] He has attached a grievance form to his complaint which is dated April 21, 2014. Some of the writing on the grievance is unclear though it does appear to indicate his concerns about medical care and retaliatory acts by staff. This grievance indicates it is distributed to the Warden and to the Deputy Warden for Administration. No information is offered about whether these grievances were addressed by the administration or whether the plaintiff appealed any grievance decisions.[7]

Defendant Corizon filed a motion to dismiss under Rule 12(b)(6) on July 30, 2014. The City defendants filed a motion to dismiss on August 14, 2014. The plaintiff responded to these motions.[8] The plaintiff requested appointment of counsel, which I

---

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…").

He also asks that the court order a task force to investigate RICO charges against all parties. However, he has not supported his RICO claim with any facts. Assuming he is making out a RICO claim, this claim too is dismissed. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-56.

[6] He also asks for damages against Warden Delaney and Major Abello; however, neither are a party to this suit. The plaintiff specifically lists only the above-named parties as defendants in this action on his complaint.

[7] This raises some question about whether the plaintiff exhausted his administrative remedies. However, the defendants do not raise the issue of exhaustion and the plaintiff has indicated in other letters to the court that he may have been prevented from having his concerns addressed by the administration. Other information provided to the court as part of the November 6, 2014 hearing also indicates that the plaintiff has been diligent about filing grievances. For these reasons, I will assume for the purpose of these motions that the plaintiff has exhausted his remedies and that jurisdiction is appropriate.

[8] See Doc. No. 12. In his response to the motion to dismiss, the plaintiff claims that his courtesy copy of the motions was opened. He also added allegations that Corrections Officer Randle attempted to "kill and murder" him "for refusing to drop [his] future criminal complaints against [Randle's] peers" on August 8, 2013. He claims he reported this information immediately to Commissioner Giorla, Warden Farrell, and Major Abello, the Deputy Warden. The plaintiff has also sent several letters to the court, asking for injunctive relief. These letters assert other potential civil rights violations. See Doc. No. 10, 11, 21, 22, 23, 24, 26, 29, 31.

granted.[9] However, no attorney has agreed to take his case. He has decided to proceed *pro se*.[10] I held an in-person Rule 16 conference on November 6, 2014. During this conference, the parties also offered arguments about the motions to dismiss and several TROs which the plaintiff had filed. I subsequently denied those TRO requests.

## II.     STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.[11] Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither

---

[9] See Doc. No. 5.

[10] See Doc. No. 4, 5, 26.

[11] In deciding a motion to dismiss, the court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. Id.

4

"bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Serv. Ctr., 464 F.3d 450, 456 (3d Cir. 2006)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In resolving motions pursuant to Rule 12(b)(6), courts must liberally construe *pro se* pleadings. See, e.g., Haines v. Kerner, 404 U.S. 519, 520–521 (1972).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). In order to state a cognizable claim for improper medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Estelle v.

Gamble, 429 U.S. 97, 106 (1976). [12] This standard thus requires both: 1) deliberate indifference on the part of prison officials, and 2) that the medical needs be serious. West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

### a. Mayor Nutter, Warden Farrell, and Commissioner Giorla

For an individual defendant to have liability under § 1983, he or she "must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Where a complaint alleges no facts indicating the individual defendant personally directed or knowingly acquiesced in the allegedly unconstitutional action—or where the complaint implicitly rests on the doctrine of *respondeat superior*—the complaint fails to state a claim under § 1983. Evancho, 423 F.3d at 353–54; see also Gay v. Petsock, 917 F.2d 768, 771 (3d Cir.1990) ("[W]e find nothing in the record to suggest that [the defendant] was involved in the acts complained of or that they were done with his knowledge and acquiescence.").

---

[12] It is unclear under which Constitutional Amendments the plaintiff brings his claims. The plaintiff indicated in the November 6th hearing that he was being held at CFCF as a pre-trial detainee for at least part of the time that he was there. He has since been convicted of some of the charges for which he is being held. See Bell v. Wolfish, 441 U.S. 520, 534 n. 16 (1979)(quoting Ingraham v. Wright, 430 U.S. 651, 671-672, n. 40 (1977))(quotation marks omitted); Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987). While the date of conviction helps to determine whether the Eighth Amendment or the Due Process Clause applies, the Third Circuit has determined that pre-trial detainees are not necessarily afforded additional protections for claims for inadequate medical care and has applied the same standard in Estelle to pre-trial detainees. See King v. County of Gloucester, 302 Fed.Appx. 92 (3d Cir. Dec. 10, 2008); Sylvester v. City of Newark, 120 Fed.Appx. 419 (2005)(quoting Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003)).

The plaintiff offers no specific facts to support Mayor Nutter's involvement in this action.[13] The complaint also does not allege any personal involvement by Defendants Warden Farrell and Commissioner Giorla in the plaintiff's medical care or lack thereof.[14] While he implies as much, the plaintiff does not offer specific facts to make out a failure to supervise claim against either the Commissioner or Warden.[15] Any charges against them are dismissed without prejudice.[16]

---

[13] See, e.g., Miles v. City of Phila., No. 11-4040, 2011 WL 4389601, at *7 (E.D. Pa. Sept. 21, 2011) (finding that "[b]ecause plaintiff's complaint contains no factual averments against defendant Nutter, I will dismiss her claims against him"); see also Bush v. Dep't of Human Services., No. 11-2612, 2014 WL 47764, at *4 (E.D. Pa. Jan. 6, 2014) (dismissing pro se complaint against Mayor Nutter for failure to include sufficient factual allegations).

[14] See, e.g., Gardner v. Lanigan, No 13-7064, 2013 WL 6669230, at *3 (D.N.J. Dec. 18, 2013) (dismissing *pro se* complaint because complaint lacked allegations suggesting that warden or correctional officer were personally involved in alleged actions "or that they failed to take reasonable measures in response to such knowledge"); Stewart v. Henderson, No. 13-1465, 2013 WL 6092204, at *2 (D. Del. Nov. 18, 2013) (dismissing *pro se* claim against a warden because "the [c]omplaint contains no allegations that give rise to [the warden's] personal involvement with regard to [p]laintiff's claims").

The plaintiff claims he used the prison's internal "chain of command" which includes "Commissioner Giorla, Warden Delaney, Warden Farrell, Major May, and Major Abello." This information was included in the section of the complaint that addresses his use of the grievance procedure. His claim that he used the grievance "with no success" is not enough to show that Commissioner Giorla and Warden Farrell were personally involved or acquiesced to the alleged constitutional violations. He must offer more factual information about what actions they took to contribute to his lack of medical care. See Holmes v. Keen, No. 13-1635, 2013 WL 5888137, at *2 (M.D. Pa. Nov. 1, 2013) (dismissing claim against a warden because "the plaintiff makes no allegation that [the warden] was personally involvement in any of the actions, save for denying his grievances.").

[15] See Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2011) ("For a supervisor to be liable for a failure to supervise his or her subordinates, the plaintiff must: "(1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989)); Montgomery v. De Simone, 159 F.3d 120, 127 (3d Cir. 1998)("[W]here a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in (i.e., tacitly assented to or accepted) the subordinate's conduct.").

[16] In his response to the motion to dismiss, the plaintiff claims that Commissioner Giorla and his senior subordinates "authorized and approved" the use of racial epitaphs by staff at CFCF. Doc. No. 12 at 2. He also claims there was "interference" by Commissioner Giorla and that they "created, directed, and maintained" a "culture" that has allowed violations of his constitutional rights to be committed. Id. at 3. I am dismissing the plaintiff's complaint without prejudice and giving him leave to file an amended complaint. If he chooses to file an amended complaint, he can assert these allegations in that complaint, assuming he also can offer facts to support these allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(explaining that a complaint "demands more than an unadorned, the-

### b. The City of Philadelphia

A city may be exempt from a suit alleging violations of 42 U.S.C. § 1983 rendered on behalf of city employees, if the suit is brought under the theory of *respondeat superior*. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 691 (1978). However, if that person can show that the behaviors exhibited by the alleged violators derived either from a city's official policy, custom, or usage of the municipality, then the city can be sued by a claimant. Id. at 690-91.

The plaintiff has not offered any facts to establish a claim under Monell. He has not pointed to any official policy, custom, or practice by which the City could be liable nor has he offered any facts to show that such a policy or custom exists. The City also should be dismissed as a defendant.

### c. Prison Health Services/Corizon

Courts have extended Monell liability to private corporations performing municipal functions. See Natale v. Camden County Correctional Facility, 318 F.3d 575, 583 (3d Cir. 2003)(citing Monell, 436 U.S. at 691).[17] In order for a corporation providing prison health care to be liable, the plaintiff "must provide evidence that there was a

---

defendant-unlawfully-harmed-me accusation"); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)( "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…"(citations omitted)). If the plaintiff decides to file an amended complaint, the plaintiff should offer specific facts in his complaint to support his allegation that the defendants were personally involved, personally directed, or knowingly acquiesced in the alleged constitutional violations.

[17] See also Taylor v. Plousis, 101 F. Supp. 2d 255, 263 n.4 (D.N.J. 2000)(citing Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir.1982); Iskander v. Vill. of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)); Miller v. City of Philadelphia, No. Civ. A. 96–3578, 1996 WL 683827, at * 8 (E.D. Pa. Nov. 25, 1996)); Peters v. Community Educ. Centers, Inc., No. 11–CV–850, 2014 WL 981557, at *3 (E.D. Pa. Mar. 13, 2014).

relevant PHS policy or custom, and that the policy caused the constitutional violation they allege." Natale, 318 F.3d at 584.[18]

The plaintiff has not provided facts to establish a Monell claim as to Corizon. He has not shown that Corizon employees were acting under a policy or custom to provide inadequate medical care.  I will grant Corizon's motion to dismiss for this reason.[19]

### IV.     CONCLUSION

For the foregoing reasons, I will grant the defendants' motions to dismiss without prejudice.

The plaintiff is granted leave to file an amended complaint to cure the deficiencies noted in this memorandum within **thirty (30) days** of the date of this memorandum.[20]

---

[18] See also Robinson v. Prison Health Services, Inc. et al., No. 10-7165, 2014 WL 2452132, at *1 (E.D. Pa. Jun. 2, 2014)(explaining appropriate defendants).

[19] The plaintiff has also not provided enough facts in his complaint to make out a plausible inadequate medical care claim. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); West v. Keve, 571 F.2d 158, 161 (3d Cir.1978).

[20] I am providing the plaintiff the opportunity to file an amended complaint because information contained in his medical records—which were provided at the court's request in advance of the November 6th hearing—show that the plaintiff's claims may be plausible if properly pled. Allowing him to file an amended complaint is appropriate, given that he is proceeding *pro se*. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir.2002)(directing courts to allow *pro se* prisoners leave to amend "unless amendment would be inequitable or futile").

The plaintiff has also indicated that his records and documents had been taken from him and/or not provided him. I ordered that the plaintiff be given a copy of his medical records, which he seemed to have received as of the November 6th hearing. Now that the plaintiff has his medical records, he is in a better position to offer the requisite facts to make out the factual allegations to support his claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(explaining that a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)( "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…").