IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **BARRETT S. TUNSIL,** | : | **CIVIL ACTION** |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | No. 14-cv-2383 |
|  | : |  |
| **CITY OF PHILADELPHIA, ET AL.,** | : |  |
| Defendants. | : |  |
|  | : |  |

# M E M O R A N D U M

**Stengel, J.**                                                                                                  **November 30th, 2015**

Plaintiff, Barrett S. Tunsil brings this Section 1983 suit against the City of Philadelphia, Mayor Michael Nutter, two staff members of the Philadelphia Prison System, and Prison Health Services/Corizon.  The claims contained in plaintiff's pro se complaint are hard to discern, however, from the plaintiff's complaint and the multiple temporary restraining orders he has filed, it appears that he is concerned about a lack of access to the law library, church services, and the provision of medical treatment. Plaintiff also complains that he has been treated poorly by a number of prison guards. Plaintiff has, however, neither provided any evidence nor pleaded any facts to demonstrate that he has been deprived of any of these things, or that he has been treated poorly by the prison guards.  The defendants have now moved to dismiss.  For the

reasons stated below, and because I believe that leave to amend would be futile, I will grant the defendants' motion with prejudice.[1]

## I.   PROCEDURAL BACKGROUND[2]

The plaintiff initially filed this suit on April 21, 2014, by filing a Complaint that named the City of Philadelphia, Prison Health Services/Corizon, Mayor Nutter, Commissioner Giorla, and Warden Farrell as defendants. See Doc. No. 1. The defendants moved to dismiss plaintiff's complaint. Doc. Nos. 6 & 8. On December 18, 2014, I granted the defendants' motions, and dismissed the complaint without prejudice. See Doc. No. 42. I granted the defendant leave to file an Amended Complaint within 30 days of that Order. See id.

On May 4, 2015 – 137 days after my Order – the plaintiff filed his Amended Complaint, naming once more the City of Philadelphia, Prison Health Services/Corizon, Mayor Nutter, Commissioner Giorla, and Warden Farrell as defendants.[3] Doc. No. 65. The defendants have once more moved to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). See Docs. No. 71 and 72. The plaintiff filed his response to the defendants' motions on November 9, 2015.[4] See Doc. No. 91.

---

[1] There are two separate motions to dismiss pending—one filed by Corizon and the other by the City defendants. See Doc. Nos. 71 and 72. I address both motions in this memorandum for the sake of efficiency.

[2] Because I write mainly for the parties, who are quite familiar with the factual history of this action, I will forgo its recitation in this memorandum. See also Doc. No. 41.

[3] While I granted plaintiff's request for appointment of counsel, no attorney agreed to take plaintiff's case. See Doc. No. 5. Plaintiff has made it clear that he wishes to proceed pro se. See Doc. Nos. 4, 5, 26, 77.

[4] Initially, the plaintiff did not respond to the defendants' Motions to Dismiss the Amended Complaint. On October 21, 2015, I ordered plaintiff to respond within 20 days. See Doc. No. 88. Plaintiff complied with that Order. As such, defendants' motions are now ripe for adjudication.

I held a hearing in open court on November 20, 2015. The plaintiff testified about his claims that he is being denied law library time, that he is being denied access to church services, and that he is being denied medical care. The defendants presented the testimony of Frederick Abello, Deputy Warden of Curran Fromhold Correctional Facility ("CFCF"), and Dr. Bruce Blatt, a Corizon physician. Various CFCF records documenting Mr. Tunsil's access to the law library, church services, and medical care were admitted into evidence. During this hearing, I also heard oral arguments on plaintiff's most recent request for a temporary restraining order. See Doc. No. 80. I denied that motion on November 2, 2015. See Doc. No. 93.

## II.     STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks Cnty. Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must

allege facts suggestive of [the proscribed] conduct." <u>Twombly</u>, 550 U.S. at 564.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997); <u>Sterling v. Se. Pa. Transp. Auth.</u>, 897 F. Supp. 893 (E.D. Pa. 1995).  The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements.  <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (quoting <u>Twombly</u>, 550 U.S. at 556)).  A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450, 456 (3d Cir. 2006) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)).  Pleadings of pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers.  See, e.g., <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

### III.   DISCUSSION

Section 1983 provides remedies when Constitutional rights or rights provided by federal law have been deprived.  See <u>Rivera v. Nutter</u>, No. 13-6931, 2014 WL 3855335, at *1 (E.D. Pa. Aug. 6, 2014).  Thus, "[t]o state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States."  <u>Id.</u> (citing <u>Kaucher v. Cnty. of Bucks</u>, 455 F.3d 418, 423 (3d Cir.2006)).

#### a. Mayor Nutter, Warden Farrell and Commissioner Giorla

Under Section 1983, individual liability may not be predicated solely upon the doctrine of <u>respondeat</u> <u>superior</u>. <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d. Cir. 2005).

Rather, as the Third Circuit has explained, "'[a] defendant in a civil rights action must have personal involvement in the alleged wrongs' to be liable." Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (quoting Rode v. Dellarciprete, 845 F.3d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.3d at 1207; see also Evancho, 423 F.3d at 353. "[A] defendant cannot be held liable for a constitutional violation he did not participate in or approve." Rivera, 2014 WL 3855335 at *1 (citing Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir.2007)).

Here, the plaintiff offers no specific facts to support Mayor Nutter's involvement in this action.[5] Nor does the complaint allege any personal involvement by defendants Warden Farrell and Commissioner Giorla in the treatment that plaintiff complains of or the plaintiff's medical care or lack thereof.[6] Like in his first Complaint, the plaintiff implies as much, the plaintiff does not offer specific facts to make out a failure to supervise claim against either the Commissioner or the Warden.[7] Thus, the plaintiff's

---

[5] See, e.g., Rivera, 2014 WL 3855335, at *1 (dismissing plaintiff's complaint because he "failed to include any allegations that Mayor Nutter was personally involved in the alleged deprivation of his constitutional rights or that he gave personal direction for the plaintiff's housing conditions."); see also Miles v. City of Phila., No. 11-4040, 2011 WL 4389601, at *7 (E.D. Pa. Sept. 21, 2011) (finding that "[b]ecause plaintiff's complaint contains no factual averments against defendant Nutter, I will dismiss her claims against him.").

[6] See, e.g., Gardner v. Lanigan, No 13-7064, 2013 WL 6669230, at *3 (D.N.J. Dec. 18, 2013) (dismissing pro se complaint because complaint lacked allegations suggesting that warden or correctional officer were personally involved in alleged actions "or that they failed to take reasonable measures in response to such knowledge"); Stewart v. Henderson, No. 13-1465, 2013 WL 6092204, at *2 (D. Del. Nov. 18, 2013) (dismissing pro se claim against a warden because "the [c]omplaint contains no allegations that give rise to [the warden's] personal involvement with regard to [p]laintiff's claims").

[7] See Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2011) ("For a supervisor to be liable for a failure to supervise his or her subordinates, the plaintiff must: "(1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent

claims against Mayor Nutter, Warden Farrell, and Commissioner Giorla are dismissed with prejudice.

### b. The City of Philadelphia

The Supreme Court held in Monell v. New York City Department of Social Services, 436 U.S. (1978), that "municipalities and other local governmental bodies are 'persons' within the meaning of § 1983." Id. at 690; see also Bush v. Dept. of Human Servs., No. 11-Cv-2612, 2014 WL 47764, at *3 (E.D. Pa. Jan. 6, 2014). A city may be exempt from a suit alleging violations of Section 1983 rendered on behalf of city employees, if the suit is brought solely under the theory of respondeat superior. Monell, 436 U.S. at 691. A suit, however, may proceed against a municipality if an individual can demonstrate that the behaviors exhibited by the alleged violators derived either from a municipality (or city's) official policy, custom, or usage. Id. at 690-92.

As in his first complaint, the plaintiff has not offered any facts to establish a claim under Monell. He fails to point to any official policy, custom, or practice by which the City could be liable. Nor has he pleaded any facts to demonstrate that such a policy or custom exists. Thus, the plaintiff's claims against the City also are dismissed with prejudice.

---

to the risk; and (5) the underlying violation resulted from the supervisor's failure to employ that supervisory practice or procedure." (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989)); Montgomery v. De Simone, 159 F.3d 120, 127 (3d Cir. 1998)("[W]here a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in (i.e., tacitly assented to or accepted) the subordinate's conduct.").

### c. Prison Health Services/Corizon

Court have extended Monell liability to private corporations that perform municipal functions. See Natale v. Camden Cnty. Corrs. Facility, 318 F.3d 575, 583 (3d Cir. 2003) (citing Monell, 436 U.S. at 691). For a corporation that provides prison health care to be liable under Section 1983, the plaintiff "must provide evidence that there was a relevant [Prison Health Service] policy or custom, and that the policy caused the constitutional violation" of which he or she complains. Natale, 318 F.3d at 584.

Like with the City, the plaintiff has not provided any facts to establish a Monell claim against Corizon. He has not pleaded any facts that demonstrate that Corizon's employees were operating under a policy or custom to provide inadequate medical care. There was absolutely not proof of any such policy or practice. As such, I will grant Corizon's Motion to Dismiss with prejudice.

### IV. CONCLUSION

For the foregoing reasons, I will grant the defendants' motions to dismiss with prejudice.

An appropriate order follows.